UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAYDEANE FRANCIS ELL,

        Petitioner,

v.

JASON BENNETT,

        Respondent.

Case No. 2:24-cv-01358-JNW-TLF

ORDER TO SHOW CAUSE

Petitioner Jaydeane Francis Ell, proceeding pro se, filed a Motion to Proceed In Forma Pauperis ("IFP") (Dkt. 1) and a Proposed Petition (Dkt. 1-1). Upon review, it appears the Proposed Petition is untimely under 28 U.S.C. § 2244(d)(1). *See Day v. McDonough,* 547 U.S. 198, 202-203, 210-211 (2006) (district court is allowed, but not required, to apply the one-year federal habeas corpus statute of limitations *sua sponte*).Accordingly, the undersigned DEFERS decision on the IFP Motion and ORDERS Petitioner to show cause on or before October 30, 2024, as to why his Proposed Petition should not be DISMISSED as time barred.

BACKGROUND

Petitioner is currently incarcerated at Stafford Creek Corrections Center, where he is serving a sentence of confinement arising out of a state-court conviction for second degree rape of a child. *See State v. Ell*, 156 Wash. App. 1053, 2010 WL 2807781 (2010). Plaintiff filed an appeal of his state court conviction. *Id.*

ORDER TO SHOW CAUSE - 1

After his conviction was affirmed on direct appeal, Petitioner filed a petition for discretionary review by the Washington State Supreme Court, which was denied on December 1, 2010. *State v. Ell,* 170 Wash. 2d 1015 (2010). In accord with Rule 12.5 of Washington State Rules of Appellate Procedure, the State Appeals Court should have issued its mandate 30 days later on December 31, 2010, marking the entry of judgment for Petitioner's state-court conviction. A review of the publicly available docket for the United States Supreme Court reflects Petitioner did not petition the United States Supreme Court for a writ of certiorari regarding his state-court conviction or sentence after the entry of judgment. See United States Supreme Court Docket, available at https://www.supremecourt.gov/docket/.

On August 28, 2024, Petitioner filed this federal habeas petition challenging his state-court conviction and sentence. See Dkt. 1.

DISCUSSION

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010) (*en banc*).

Although Petitioner indicates he is filing a § 2241 petition and he uses the standard form for such petitions, he is currently confined pursuant to a state-court judgment of conviction. Dkt. 1-3; *State of Washington v. Ell*, Superior Court of Whatcom County Cause No: 08–1–00082-9. Therefore, 28 U.S.C. § 2254 is the appropriate vehicle for challenging Petitioner's confinement, and his arguments to the contrary are unavailing.

ORDER TO SHOW CAUSE - 2

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on § 2254 petitions. See 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run on:

- "the date on which the [state-court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such [direct] review," whichever is later; or
- "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" or
- "the date on which the constitutional right asserted was initially recognized by the Supreme Court", if the U.S. Supreme Court has newly recognized the right and the Supreme Court applied the newly recognized right retroactively; or
- "the date on which the factual predicate" of the habeas corpus claim(s) could have been discovered by petitioner "through the exercise of due diligence."

28 U.S.C. § 2244(d)(1)(A)-(D).

Where, as here, a habeas petitioner previously sought direct review of his conviction, his state-court judgment generally becomes "final" either when the United States Supreme Court rules on a timely filed certiorari petition or upon the expiration of time for filing such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012).

Petitioner signed his Proposed Petition on August 28, 2024. Dkt. 1-1 at 8. Because Petitioner did not file a petition for certiorari in the United States Supreme Court, his state-court judgment became final on March 31, 2011, the date on which his time for petitioning for certiorari expired. *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of judgment). Unless one or more of the circumstances described in U.S.C. § 2244(d)(1)(B)-(D) applies, the one-year limitations period expired more than twelve years ago, on April 2, 2012. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001) (AEDPA's time limits are calculated in accordance with Fed. R. Civ. P. 6(a)).

It thus appears the Proposed Petition is untimely and barred pursuant to 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Accordingly, Petitioner is ORDERED to show cause on or before October 30, 2024, why his Proposed Petition should not be DISMISSED as time barred.

Petitioner is ADVISED he should not attempt to show cause pursuant to 28 U.S.C. § 2241 as any attempt to show cause on that basis is unlikely to be successful.

Finally, the Court DEFERS ruling on Petitioner's IFP Motion until after the show cause deadline; as such, the Clerk of Court is DIRECTED to note the IFP Motion (Dkt. 1) for consideration on October 30, 2024.

Dated this 7th day of October, 2024.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge